UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81320-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

MICHAEL SMITH,

    Petitioner,

v.

MARK INCH,

    Respondent.
_____/

# REPORT OF MAGISTRATE JUDGE

## I. Introduction

This Cause is before the Court upon Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence for three counts of vehicular homicide, following a jury trial in Case No. 06-CF-003566A in the Circuit Court in and for Palm Beach County, Florida. [ECF 1].

The Undersigned is authorized to enter this report pursuant to S.D. Fla. Admin. Order 2019-02 and the Rules Governing Habeas Corpus Petitions in the United States District Courts. [ECF 14]. For the reasons detailed below, the Petition should be denied.

## II. Claims

Construing the arguments liberally, as afforded to *pro se* litigants pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raised the following claims:

> 1a. The evidence was insufficient to support the conviction entered against Petitioner;
>
> 1b. Ineffective assistance of counsel for failing to make an adequate motion for judgment of acquittal;
>
> 2. Ineffective assistance of counsel for failing to consult, hire, or call an accident reconstruction expert to testify at trial.

[ECF 1].

## III. Pertinent Factual and Procedural Background

A. <u>Procedural Background</u>

Following a trial, on September 12, 2008, Petitioner was convicted of three counts of vehicular homicide in violation Fla Stat. § 782.071(1). [ECF 9-1, p. 6]. The trial court imposed a sentence of 21.5 years' imprisonment. [*Id.* p. 7].

On appeal, Petitioner argued the evidence was insufficient to support the charges of vehicular homicide and that a motion for judgment of acquittal should have been granted. [*Id.* pp. 9-26]. The Fourth District Court of Appeal affirmed the conviction and sentence in an unreasoned opinion.

Among Petitioner's postconviction filings, he filed a Rule 3.850 Motion for Postconviction Relief in the state circuit court. [ECF 9-1, pp. 55-71, 73-74]. Pertinent to this action, Petitioner claimed trial counsel was ineffective for failing to

"adequately move for an acquittal" [ECF 9-1, pp. 61-62] and for failing to hire an accident reconstruction expert to testify at trial. [*Id.* pp. 58-59]. The state circuit court denied Petitioner's claim related to trial counsel allegedly failing to adequately move for an acquittal. [Id. pp. 98-99]. However, as to Petitioner's ineffective-assistance claim for not calling an expert to testify, the trial court ordered that an evidentiary hearing was required to resolve the claim. [*Id.* p. 97].

After the hearing, the state circuit court denied relief on that unresolved claim. [*Id.* pp. 103-08]. Petitioner appealed challenging only the state circuit court's denial of the ineffective-assistance claim for failure to consult or call an accident reconstruction expert at trial. [*Id.* pp. 110-35]. In a reasoned opinion, the Fourth District Court of Appeal affirmed the denial of the Rule 3.850 motion. *Smith v. State*, 154 So. 3d 1191, 1193 (Fla. 4th DCA 2015).

After Petitioner's other state postconviction filings did not yield success in state court [ECF 9-1, pp. 163-231], Petitioner filed the instant Petition. [ECF 1].

B. Pertinent Factual Background Adduced at Trial

Petitioner drove his car through an intersection and hit a vehicle, causing the deaths of three persons within the other vehicle. Several factors surfaced at trial to indicate that Petitioner caused an avoidable accident.

Just before impact, witnesses testified that the victims' vehicle was waiting in the middle of the intersection to turn left or make a U-turn. [ECF 10-1, pp. 34-35,

58-59]. At that time, the traffic light was green. [*Id.* p. 59]. While the light was still yellow, the victims' vehicle began to turn left. [*Id.*].

Eyewitnesses testified that Petitioner drove through a red light. [ECF 10-1, pp. 33, 42]. One witness testified that it did not appear Petitioner took any evasive actions to avoid the crash. [*Id.* p. 35]. Two witnesses did not hear the sound of brakes [*Id.* pp. 46, 60], and one witness could not be sure whether he heard brakes. [*Id.* pp. 52-53]. Additionally, at least one witness heard "a kick down of acceleration" before the crash. [*Id.* p. 62].

Investigator Troy Snelgrove testified that, after Petitioner received a *Miranda*[1] warnings, he obtained a recorded statement from Petitioner. [ECF 10-1, pp. 110-12]. In the recording, Petitioner stated that his light was green and turning yellow when the other vehicle cut across him. [*Id.* pp. 118-21]. Petitioner thought he was driving about 50 miles per hour in a 35 mile per hour zone. [*Id.* pp. 121-22].

Petitioner signed a consent form to have his blood tested. [*Id.* pp. 125-26]. The blood sample, obtained approximately 2 hours and 40 minutes after the accident, was identified as having five nanograms per milliliter of THC and 61 nanograms per milliliter of the primary metabolite of marijuana. [*Id.* p. 339].

The presence of the metabolite indicates, as one expert testified, that Petitioner was recently exposed to marijuana. [*Id.* p. 344]. The expert opined that the levels of

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

marijuana found in Petitioner's blood were inconsistent with Petitioner's statement that he had used marijuana the night before. [*Id.* pp. 254-59, 345]. The expert further opined that "the active delta 9 THC" in Petitioner's blood would have been higher at the time of the crash than at the time Petitioner's blood was drawn. [*Id.* pp. 345-46]. The THC level in Petitioner's blood was at "an impairing level" based upon the expert's testing, experience, and knowledge of the published literature. [*Id.* pp. 348-50].

According to the State's expert, scientific studies show one to three hours after marijuana usage the presence of THC in blood disappears, and it appears Petitioner had used marijuana within five hours before his blood was drawn. [*Id.* pp. 346-47, 350-51]. In addition, the expert explained various ways that marijuana can cause residual effects on a person up to eight hours after usage even if there is no "buzz." [*Id.* pp. 347-48]. Specifically, the expert explained that individuals who have recently used marijuana will be impaired in their ability to divide their attention, to coordinate their muscles, to see clearly, and to inhibit risk-taking impulses. [*Id.* pp. 347-48, 352-53].

An accident reconstruction expert, Lawrence Colagiovanni, testified that Petitioner's speedometer was slightly inaccurate because it showed he was traveling 3 miles per hour less than his actual speed due to the oversized wheels Petitioner had on his truck. [*Id.* pp. 271-72]. He opined that Petitioner was driving his vehicle at 63

miles per hour or faster at the time of impact. [*Id.* pp. 195-99]. On cross-examination, trial counsel tried to discredit Expert Colagiovanni's testimony that the victim's car had a green light. [*Id.* pp. 274]. Expert Colagiovanni testified that he relied upon the testimony from the witnesses. [*Id.*].

## IV. Timeliness

Stated broadly, an application for a writ of habeas corpus under 28 U.S.C. § 2254 must be filed before a 1-year time limitations period expires, and this limitation period usually runs from the date the challenged judgment became "final." 28 U.S.C. § 2244(d). In this case, the parties do not dispute timeliness of the Petition.

## V. Exhaustion

Pursuant to 28 U.S.C. 2254(b)-(c), petitioners must exhaust their claims before presenting them in a federal habeas petition. When petitioners do not properly present their claims to a state court by exhausting those claims and complying with the applicable state procedure, § 2254 may bar federal review of those claims in federal court. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (relying upon 28 U.S.C. § 2254(b)-(c)). To properly exhaust one's claims, the claim must have been "fairly" presented to the state courts. *Mason*, 605 F.3d at 1119. This means the Petitioner must make the state court aware that the claims asserted are federal in nature. *See, e.g., Jimenez v. Sec'y, Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (citing *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)).

Although a verbatim restatement of the claims brought in state court is not necessary, a reasonable reader must be able to understand each claim's legal and factual basis. *See McNair v. Campbell*, 416 F.3d 1291, 1302-03 (11th Cir. 2005). While citing federal law or labeling the claim as "federal" is helpful, the exhaustion doctrine requires a habeas petitioner to "'do more than scatter some makeshift needles in the haystack of the state court record.'" *Id.* at 1303 (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004)).

A. Ground One

In Ground One, Petitioner raises two subclaims. First, he raises a sufficiency of the evidence claim. [ECF 1, p. 5]. Second, he claims trial counsel was ineffective for failing to provide a "detailed argument" so that the Court could grant a motion for judgment of acquittal. [ECF 1, p. 5, 22-23]. Specifically, Petitioner claims trial counsel failed to bring the "federal constitutional implications" of the evidence's sufficiency to the trial court's attention. [*Id.*]

*i. The Sufficiency of the Evidence claim is Unexhausted and Procedurally Barred*

Respondent argued that the first subclaim is unexhausted because it was not presented as a federal claim on direct appeal. [ECF 8, p. 7]. Petitioner provided no argument challenging this contention in his reply. [ECF 13]. Thus, any argument challenging the exhaustion of this subclaim appears to be waived.

Moreover, the record confirms a federal reference or citation was not raised within Petitioner's initial brief on direct appeal. [ECF 9-1, pp. 9-26]. The State also did not cite to federal law within its answer brief, and the Fourth District Court of Appeal's unreasoned affirmance does not cite to federal law.

Therefore, the federal nature of this subclaim is unexhausted. *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 456, 458-60 (11th Cir. 2015) (failing to raise a sufficiency of evidence claim as a federal one in state court rendered the claim unexhausted).

Under Florida law, a sufficiency of the evidence claim is cognizable only on direct appeal. *See, e.g.*, *Childers v. State*, 782 So. 2d 946, 947 (Fla. 4th DCA 2001). Additionally, Petitioner is unable to receive a second direct appeal or raise a federal sufficiency of the evidence claim in a Rule 3.850 motion or state habeas petition. *See Alfred v. State*, 71 So. 3d 138, 139 (Fla. 4th DCA 2011) ("A Rule 3.850 motion cannot be used to litigate issues that could have been or were raised and rejected on direct appeal."). The claim is, therefore, procedurally defaulted.

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." *Jones v. Campbell*, 436 F.3d 1285, 1304 (11th Cir. 2006). In this case, prejudice need not be addressed.

Where there was "something external" that cannot "fairly be attributed" to the defense's conduct, which impeded a litigant's efforts to comply with the procedural rule, cause exists. *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (relying upon *Coleman*, 501 U.S. at 753). An attorney's errors during an appeal on direct review may provide cause to excuse a procedural default" provided that "the attorney appointed by the State to pursue the direct appeal is ineffective." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Martinez v. Ryan*, 566 U.S. 1, 11 (2012)) (brackets omitted).

To determine whether an appellate counsel was ineffective on direct review, the *Strickland* standard controls. *Raleigh*, 827 F.3d at 957. Therefore, Petitioner must show his appellate counsel's performance fell below an objective standard of reasonableness and that a reasonable probability of a different outcome existed but for counsel's error. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

Petitioner acknowledges that his trial counsel did not present a sufficiency of the evidence claim as a federal issue at trial. Under Florida law, an unpreserved issue cannot be raised on direct appeal. S*ee generally Williams v. State*, 896 So. 2d 812, 812 (4th DCA 2005). Therefore, because the federal nature of the claim was not raised at trial, appellate counsel could not be ineffective for failing to raise an unpreserved issue. *See, e.g.*, *Fla. Dep't of Corr. v. Fana*, 593 F. App'x 954, 960

(11th Cir. 2014) (failing to raise an unpreserved claim on direct appeal does not render appellate counsel ineffective).

Further, as evidenced by Petitioner's claims, he is not asserting that he is actually innocent of the crimes. Instead, his claims within this proceeding relate to legal sufficiency. Therefore, he cannot rely upon the fundamental miscarriage of justice or actual innocence exception to overcome the procedural default.

Lastly, *Martinez v. Ryan* does not apply to this subclaim because its equitable doctrine extends only to ineffective assistance of trial counsel claims. *See Davila*, 137 S. Ct. at 2066 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)). As Petitioner is unable to overcome the procedural default of this subclaim, the claim is barred from federal habeas review.

*ii. The Ineffective-Assistance Claim is Unexhausted and Procedurally Barred*

In his Rule 3.850 motion, Petitioner claimed trial counsel was ineffective for failing to "adequately move for an acquittal[.]" [ECF 9-1, pp. 61-62]. Even assuming the federal nature of this claim was presented before the state circuit court, this claim was not raised before the Fourth District Court of Appeal during postconviction proceedings. [*Id.* pp. 110-35]. Thus, this claim was not fairly presented to the state courts.

There are no objective factors external to Petitioner's defense that impeded his ability to raise this claim before the state postconviction appellate court other

than postconviction appellate counsel's ineffectiveness. *See Baker v. Dep't of Corr., Sec'y*, 634 F. App'x 689, 694 (11th Cir. 2015). Even so, while *Martinez v. Ryan* applies to ineffective assistance of trial counsel claims, its equitable doctrine does not extend to attorney errors during "appeals from initial-review collateral proceedings[.]" *Martinez*, 566 U.S. at 16. The Supreme Court explicitly held that *Coleman* governs under those circumstances. *See id.* Consequently, pursuant to principles of agency law, negligence on the part of a prisoner's postconviction attorney will not provide cause to excuse a defaulted claim. *See Maples v. Thomas*, 565 U.S. 266, 280 (2012) (citing *Coleman* 501 U.S. at 753-54).

As already mentioned, Petitioner cannot rely upon the fundamental miscarriage of justice or actual innocence exception. Petitioner, therefore, cannot overcome the procedural default of this subclaim. Accordingly, the claim is barred from federal habeas review.

B. Ground Two

Respondent agrees that Ground Two was properly exhausted in state court. [ECF 8, p. 10]. *See also* 28 U.S.C. § 2254(b)(3).

## VI. Standard of Review

This Court's review of Petitioner's claim is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246

(2007). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F. 3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted)).

Several limits exist on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The most restrictive limit is that found in § 2254(d). As amended by the AEDPA, pursuant to § 2254(d), a federal court may grant habeas relief from a state court judgment only if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). AEDPA's deferential standard under § 2254(d) applies only when state court proceedings adjudicated a claim on the merits. *See Cullen*, 563 U.S. at 181. "If this standard is difficult to meet"—and it is—"that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Federal courts must presume that factual determinations made by a state court are correct. *Morrow v. Warden*, 886 F. 3d 1138, 1147 (11th Cir. 2018) (relying upon

§ 2254(e)). A habeas petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Morrow*, 886 F. 3d at 1147 (relying upon § 2254(e)).

## VII. Discussion

A. <u>Applicable Legal Principles</u>

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An ineffective assistance of counsel claim may be raised with respect to errors made by trial counsel or direct appeal counsel, and both are governed by *Strickland. See, e.g.*, *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016).

The deficiency prong is met if no competent counsel would have taken the action that trial counsel took during the proceedings. *Gordon v. United States*, 518

13

F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). Regarding the prejudice prong, it is met if, but for counsel's deficient performance, the outcome of the proceeding would have been favorable. *Strickland*, 466 U.S. at 694. And yet, the error must also be "so serious" that the error "deprive[d] the defendant of a fair trial, a trial whose result is reliable[,]" in order to satisfy the prejudice prong. *Strickland*, 466 U.S. at 687.

B. Trial Counsel's Failure to Hire or Call a Traffic Reconstruction Expert

Petitioner claims trial counsel was ineffective for failing to request or obtain a traffic reconstruction expert to rebut the testimony of the State's experts at trial. [ECF 1, pp. 7, 23-24]. According to Petitioner, an expert would have testified that the accident was unavoidable due to the actions of the decedent driving in the other vehicle. [*Id.*].

The Fourth District Court of Appeal affirmed the denial of Petitioner's Rule 3.850 motion. *Smith v. State*, 154 So. 3d 1191, 1193 (Fla. 4th DCA 2015). In support, the Fourth District Court of Appeal cited to *Strickland* and referenced factual findings adduced at trial and during the postconviction evidentiary hearing. *Id.*

The Fourth District Court of Appeal pointed out that trial counsel's testimony shows he chose not to hire an accident reconstruction expert because it risked bolstering the State's case and believed it would not necessarily assist the defense. *Smith*, 154 So. 3d at 1193. *See also* [ECF 10-2, pp. 11-13, 17, 22]. The Fourth

14

District Court of Appeal also relied upon trial counsel's opinion that no expert could have known the color of the light at the time of impact. *Smith*, 154 So. 3d at 1193. *See also* [ECF 10-2, pp. 2, 24-27]. Additionally, the Fourth District Court of Appeal referenced the eyewitness testimony at trial stating Petitioner drove through the intersection when the light was red. *Smith*, 154 So. 3d at 1193.

In addressing the performance prong, the Fourth District Court of Appeal agreed that trial counsel's decision to not hire an expert was made "after careful review of alternative options[.]" *Smith*, 154 So. 3d at 1193. Therefore, it concluded that the challenged action was likely sound trial strategy. *See id.*

With respect to the prejudice prong, the Fourth District Court of Appeal concluded that there was no reasonable probability of a different outcome at trial even if an expert had been consulted. *Id.*

As there was an adjudication on the merits, § 2254(d)'s additional limitation applies. "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014) (quoting *Richter*, 562 U.S. at 105).

Because § 2254(d) applies in this case, Petitioner must show there is no "reasonable argument that counsel satisfied *Strickland*'s deferential standard" to satisfy the performance prong. *See Richter*, 562 U.S. at 105. Axiomatically, when

15

reviewing the challenged conduct, courts must not indulge "the distorting effects of hindsight" and instead "reconstruct the circumstances of counsel's challenged conduct" while "evaluat[ing] the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "[S]trategic choices made after thorough investigation of law and facts" are "virtually unchallengeable." *Id.* at 690-91. In any case involving a decision not to investigate, counsel's conduct is given "a heavy measure of deference" and evaluated for reasonableness. *Id.*

As trial counsel believed hiring an expert would not prove Petitioner drove through a yellow light, which was an important issue at trial, trial counsel's conduct could reasonably be viewed as a strategic decision. Importantly, trial counsel adequately cross-examined Expert Colagiovanni. [ECF 10-1, pp. 274-83]. Thus, trial counsel's decision to choose cross-examination over hiring an expert does not suggest the trial is no longer fair or reliable, as there was a meaningful adversarial testing of the evidence against Petitioner at trial. *See Strickland*, 466 U.S. at 687-91.

Moreover, trial counsel's twenty-six years of criminal defense experience [ECF 10-2, p. 8] strengthens the presumption that his trial strategy was a sound one. *See, e.g.*, *Chandler v. United States*, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc) ("[w]hen courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger."). Under the circumstances, Petitioner is unable to meet his burden under § 2254(d).

As for the prejudice prong, Petitioner also cannot meet his burden under § 2254(d). At the evidentiary hearing, Petitioner's proposed expert did not testify that the crash was unavoidable. [ECF 10-2, p. 53]. The proposed expert testified that the state's expert lacked sufficient objective evidence but ultimately agreed with the State's determination of Petitioner's speed during the incident. [*Id.*]. The proposed expert further testified that there was no way of knowing the color of the traffic light during the incident. *[Id.* pp. 50-51]. As already mentioned, all of the eyewitnesses who saw the traffic light, with the exception of Petitioner, asserted the traffic light was red. Viewed together, trial counsel's belief that an expert would not be able to determine the color of the light at the time of impact was correct. Given this context, Petitioner cannot show the state court's application of the prejudice prong was unreasonable and, therefore, he fails to carry his burden under § 2254(d). Accordingly, this claim should be denied.

## VIII. Evidentiary Hearing

Pursuant to 28 U.S.C. § 2254(e)(2), federal courts "shall not hold an evidentiary hearing" "unless the application shows" that his claim relies upon "a new rule of constitutional law, made retroactive to cases on collateral review" or "a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" As neither provision applies, the Court cannot grant a hearing.

*See, e.g.*, *Cullen v. Pinholster*, 563 U.S. 170, 184-86 (2011) (reasoning a federal evidentiary hearing is barred even if § 2254(d)'s deferential bar does not apply).

### XI. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Cases for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After careful consideration of the record, this Court should not issue a certificate of appealability. If Petitioner disagrees, he may bring his argument to the attention of the District Judge in objections.

### X. Conclusion

Based upon the foregoing it is recommended that:

1. the federal habeas petition be DENIED [ECF 1];

2. an evidentiary hearing be DENIED;

3. a certificate of appealability NOT issue; and,

4. the case CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 29th day of June, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   Michael Smith
      611433
      Avon Park Correctional Institution
      Inmate Mail/Parcels
      8100 Highway 64 East
      Avon Park, FL 33825
      PRO SE

      Luke Robert Napodano
      Office of the Attorney General

1515 North Flagler Drive
Suite 900
West Palm Beach, FL 33401
561-837-5000 x179
Email: luke.napodano@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com